UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-07896 JAK (AS) | Date | August 5, 2019 |
| Title | Witold Kowbel v. University of Southern California | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT DECISION GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. 44)**

**I.    Introduction**

On October 27, 2017, Witold Kowbel ("Plaintiff"), who is self-represented, brought this action against the University of Southern California ("USC" or "Defendant") and two of its employees, C.L. Max Nikias ("Nikias") and Ainsley Carry ("Carry"). Dkt. 1. On July 10, 2018, Plaintiff filed a Second Amended Complaint. Dkt. 28 ("SAC"). The SAC named only USC as Defendant, and advanced only a cause of action for breach of contract. Dkt. 28 at 1, 4-5. Plaintiff alleged that USC had made a contractual offer regarding the fair treatment of its students, which Plaintiff accepted by paying the tuition of his son, Daniel, who was enrolled at USC. The SAC also alleged that USC breached the resulting contract in the course of its discipline of Daniel for alleged violations of academic policies of USC. *Id.* at 17-21.

On July 26, 2018, Defendant filed a Motion to Dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6). On November 11, 2018, the Motion to Dismiss was granted with prejudice. Dkt. 40 (the "Order"). Plaintiff filed a Motion for Reconsideration of the Order (the "Motion") on December 12, 2018. Dkt. 44. Defendant opposed the Motion on January 18, 2018. Dkt. 49. Plaintiff filed a reply on February 1, 2019. Dkt. 50. Pursuant to Local Rule 7-15, it was determined that the Motion could be resolved without oral argument, and the matter was taken under submission. Dkt. 46.

For the reasons stated in this Order, the Motion is **DENIED**.

**II.    Analysis**

    A.    Legal Standards for Reconsideration

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). The standards for reconsideration of a motion are set forth in Local Rule 7-18:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-07896 JAK (AS) | Date | August 5, 2019 |
|---|---|---|---|
| Title | Witold Kowbel v. University of Southern California | | |

A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Local Rule 7-18 also provides that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.* Under these standards, reconsideration is appropriate only if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *CH20, Inc. v. Meras Eng'g, Inc.*, No. 13-cv-08418-JAK, 2015 WL 12914323, at *1 (C.D. Cal. Oct. 26, 2015) (citing *Kona Enters.*, 229 F.3d at 890).

    B.    Application

        1.    <u>Relevant Portions of Order</u>

The Order concluded that "[t]he SAC does not allege facts that, if established, would be sufficient to show that by accepting the tuition and fees paid by Plaintiff on behalf of [his son] Daniel, USC implicitly agreed with any person to do more than provide sufficient courses so that Daniel would have the opportunity to earn a degree." Dkt. 40 at 6. Although USC may have shown "a general commitment to fairness toward students," the SAC did not allege facts which, if established, would be sufficient to "show the intent by USC to enter a contractual agreement with Plaintiff pursuant to which it promised to meet those standards." *Id.* The Order also determined that the SAC failed to allege that any purported contractual obligations were sufficiently definite to be enforceable. *Id.* at 6-7. Furthermore, it concluded that the allegations failed under the accepted principle that courts do not generally "accept breach of contract claims as a means to second-guess academic and disciplinary decisions by colleges and universities." *Id.* at 7. Because the SAC was Plaintiff's third attempt to state a claim, and a prior order found an earlier version insufficient, the SAC was dismissed with prejudice. *Id.* at 9; *see also* Dkt. 24.

        2.    <u>Basis for Reconsideration</u>

Plaintiff contends that the Order "clearly did not consider . . . material facts presented to the Court in [the] SAC." Dkt. 44 at 10. Plaintiff cites the SAC in support of his claim that he adequately alleged the following: (i) material facts as to the parties' mutual assent; (ii) material facts as to definite terms; (iii) material facts as to adequate consideration; (iv) material facts as to the unavailability of alternative remedies; and (v) material facts sufficient to show that dismissal with prejudice was unwarranted. *See generally id.*

The memorandum filed in support of the Motion largely reiterates Plaintiff's prior briefing in opposition to the motion to dismiss the SAC. *Compare* Dkt. 44 *with* Dkt. 33. In this respect, the Motion fails to satisfy the standards of L.R. 7-18, which include that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Although the Motion could be denied on this basis alone, the merits of its arguments are next addressed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-07896 JAK (AS) | Date | August 5, 2019 |
|---|---|---|---|
| Title | Witold Kowbel v. University of Southern California | | |

         a)       Mutual Assent

Plaintiff argues that USC's presentation of materials about the procedures that apply to its students, including the USC Student Handbook, were "unequivocally part of [a] promise/agreement with Plaintiff." Dkt. 44 at 11. Plaintiff asserts that he would not have carefully reviewed these materials prior to his son's enrollment unless they were legal obligations of Defendant. *Id.* Plaintiff adds that during the spring of 2013, USC "specifically mentioned that USC Student Conduct Handbook rules will be applied to this promise/agreement with Plaintiff in consideration of accepting Plaintiff payment." *Id.*

These same allegations and arguments were addressed in detail in the Order. As stated there, alleged "promises" in Defendant's student-life materials do not manifest an intent to enter into a contract with members of a student's family. Dkt. 40 at 6. That Plaintiff alleges that he received or read those materials does not warrant a change in the prior conclusion that USC intended them for "students and others in the academic community," and not for "parents or others." *Id.*

Because no new material facts or persuasive arguments have been presented, the Motion is **DENIED** as to the issue of mutual assent.

         b)       Indefinite Terms

Plaintiff next argues that USC's alleged obligation to treat his son fairly was a specific and enforceable promise, insofar as USC agreed to employ a "preponderance of evidence standard" in student disciplinary proceedings. Dkt. 44 at 13. Plaintiff also claims that USC's rules preclude "unsupported accusations" from being used against students, and that this is another definite term sufficient to support the allegation of the entry of a contract. *Id.*

The Order identified and addressed both of these arguments in considering whether USC had a contractual obligation to students' parents to treat their children fairly and objectively. Dkt. 40 at 5, 7; *see also* Dkt. 28 at 7. As stated in the Order, the threshold issue is whether the promise of fair and objective treatment is enforceable under the law of contract. Dkt. 40 at 7 ("[T]hese alleged obligations of USC are not ones that can be reasonably understood and interpreted, which is the first step necessary to determine whether USC breached any of them."). Plaintiff's argument seeks to sidestep the indefiniteness of the alleged general promise of "fair treatment" by referring to specific aspects of Defendant's disciplinary process. This is not sufficient to state a claim.

Furthermore, the alleged, specific promises -- using a preponderance standard and ignoring unsupported accusations -- were deemed vague under California law. *Id.* at 7-8 ("This is precisely the type of assessment of internal, academic processes, that has been deemed an inappropriate basis for a breach of contract claim.") (citing *Paulsen v. Golden Gate Univ.*, 25 Cal. 3d 803, 808-08 (1979); *Lachtman v. Regents of Univ. of Calif.*, 158 Cal. App. 4th 187, 203-04 (2007)).

Because no new material facts or persuasive arguments have been presented, the Motion is **DENIED** as to the issue of definite terms.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-07896 JAK (AS) | Date | August 5, 2019 |
|---|---|---|---|
| Title | Witold Kowbel v. University of Southern California | | |

c) Consideration

Plaintiff next argues that reconsideration is warranted because the Order did not acknowledge that Plaintiff provided consideration adequate to show the entry of an enforceable contract. Dkt. 44 at 18. Once again, the allegations regarding consideration were identified in the Order. Dkt. 40 at 5. However, because the other elements necessary to state a claim for breach of contract were not presented, it was, and remains, unnecessary to address in detail the adequacy of consideration element.

Because no new material facts or persuasive arguments have been presented, the Motion is **DENIED** as to the issue of consideration.

d) Alternative Remedies

The Order cited Cal. Code Civ. Proc. § 1094.5, in a footnote, as a potential process that Daniel might seek to pursue as a means of obtaining review of USC's disciplinary action. Dkt. 40 at 8 n.4. Section 1094.5 provides that review by administrative mandamus is available following "any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer."

Plaintiff argues that "Daniel was never suspended or dismissed from USC or in fact never faced suspension after initial review." Dkt. 44 at 19. Plaintiff appears to contend that under these circumstances, because no hearing was required, there was no right to an administrative mandamus under Section 1094.5. Dkt. 44 at 19-20.

The Order did not determine whether administrative mandamus would be available under these circumstances. Dkt. 40 at 8 n.4 ("[N]o authority has been cited to support the claim that mandamus is the exclusive remedy with respect to academic sanctions like those at issue here."). Nor was the potential availability of such a remedy for Daniel dispositive of the determination that the SAC fails to state a claim upon which relief can be granted. *Id.* at 8 ("Plaintiff has not stated a legal basis upon which judicial review of USC's academic and administrative processes would be appropriate."). Rather, the Order cited Section 1094.5 as a statute that is consistent with the policy that it is best not to second-guess academic disciplinary procedures through a breach of contract claim. *See Karimi v. Golden Gate School of Law*, 361 F. Supp. 3d 956, 974-75 (N.D. Cal. 2019) (Due to the "doctrine of deference to university procedures," following exhaustion of "internal quasi-judicial procedures, the plaintiff must challenge any . . . decision through a petition for administrative mandamus under section 1094.5 of the California Code of Civil Procedure, not through a separate civil action seeking to relitigate the same issues."); *see also Paulsen*, 25 Cal. 3d at 808 (collecting cases in support of the "widely accepted rule of judicial nonintervention into the academic affairs of schools").

Independent availability of administrative mandamus was not a basis for the decision in the Order. Therefore, the Motion is **DENIED** as to the issue of alternative remedies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-07896 JAK (AS) | Date | August 5, 2019 |
|---|---|---|---|
| Title | Witold Kowbel v. University of Southern California | | |

         e)        Dismissal with Prejudice

Plaintiff argues that dismissal with prejudice was unwarranted, and he seeks leave to file a fourth version of the complaint. Dkt. 44 at 23-25. This issue was also considered in the Order, and no new, substantive argument has been presented that warrants a different outcome. Leave to amend is inappropriate where amendment would be futile or where a plaintiff has failed to cure deficiencies that were present in earlier pleadings and identified in prior orders. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."). The Motion identifies no new material facts which warrant the filing of a fourth version of the complaint. Therefore, such an amendment would be futile. *See* Dkt. 40 at 9.

For the foregoing reasons, the Motion is **DENIED** as to the issue of dismissal with prejudice.

**III.**        <u>**Conclusion**</u>

For the reasons stated in this Order, the Motion is **DENIED**. Not later than August 12, 2019, Plaintiff shall file any objections to the form of the proposed judgment previously lodged by Defendant. Dkt. 43-1.

**IT IS SO ORDERED**.

                                                                                                                               :

Initials of Preparer    ak